UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WILLIAM DAVIS ) | |
| ) | |
| PLAINTIFF ) | |
| V. ) | CIVIL ACTION NO. _____ |
| ) | |
| AMY SOWINSKI, INDIVIDUALLY ) | JURY TRIAL DEMANDED |
| AND D/B/A "YARDMASTER", ) | |
| CRAIG SOWINSKI, ) | |
| INDIVIDUALLY AND D/B/A ) | |
| "YARDMASTER", AND CLEAN ) | |
| 'N BRITE SERVICES OF ) | |
| AUGUSTA, LLC ) | |
| ) | |
| DEFENDANTS ) | |

## COMPLAINT

1. Plaintiff William Davis is a citizen and resident of Richmond County in the State of Georgia, within the jurisdiction of this honorable Court.

2. Defendant Amy Sowinski is a resident of Columbia County in the State of Georgia, within the jurisdiction of this honorable Court.

3. Defendant Craig Sowinski is a resident of Columbia County in the State of Georgia, within the jurisdiction of this honorable Court.

4. Clean 'N Brite Services of Augusta, LLC ("Clean 'N Brite") is a corporation duly organized by law and doing business within the State of Georgia and within the jurisdiction of this honorable Court.

5. This action is brought to recover from the defendants unpaid overtime compensation, as well as an additional equal amount as liquidated damages, and costs, and reasonable attorney fees under the provisions of Title 29 U.S.C.A. § 201, *et seq.*, and specifically under the provisions of Title 29 U.S.C.A. § 216(b).

6. Jurisdiction is conferred on this honorable Court by Title 28 U.S.C.A. § 1337 and by Title 29 U.S.C.A. § 16(b).

7. Defendants are engaged in the business of providing landscaping services in both the State of Georgia and the State of South Carolina. Defendants regularly provide landscaping services to various persons and entities outside of the State of Georgia. At all times pertinent to this Complaint, defendants have been engaged in interstate commerce.

8. Plaintiff William Davis was hired by defendants to perform landscaping duties for defendants' clients both in the State of Georgia and in the State of South Carolina. At all times pertinent to this Complaint, plaintiff was engaged in interstate commerce and the provision of landscaping services in the stream of interstate commerce.

9. Defendants are subject to the provisions of the Federal Fair Labor Standards Act ("FLSA").

10. Each defendant was an "employer" of the plaintiff, as that term is defined by the FLSA and the applicable provisions of the Code of Federal Regulations.

11. Defendants regularly required plaintiff to work overtime hours.

12. At various times, defendants refused to pay plaintiff for overtime hours.

13. At various times, defendants refused to pay plaintiff for overtime hours worked at the appropriate rate of time and one-half.

14. Defendants' failure and refusal to appropriately pay for overtime hours worked was willful and intentional.

15. When plaintiff complained that he was not being properly paid for overtime hours, defendant Amy Sowinski, individually and on behalf of the other defendants, informed the plaintiff that there was no obligation to pay overtime hours at a rate of time and one-half because the defendants did not generate gross receipts in excess of $500,000.00 per year.

16. At all times pertinent to this Complaint, defendants were aware that defendants were providing landscaping services in the states of both Georgia and South Carolina, within the stream of interstate commerce. Therefore, defendants were aware that, pursuant to the FLSA, defendants had the obligation to properly pay for all overtime hours worked at a rate of time and one-half.

17. In an effort to avoid their obligation to properly pay overtime compensation, defendants placed the plaintiff on "salary" for various periods of time, and thereby refused to pay any overtime compensation to the plaintiff.

18. Plaintiff William Davis' primary duties involved hands-on landscaping work, and he was not exempt from the overtime requirements of the FLSA.

19. By reason of the willful, intentional and unlawful acts of the defendants, the plaintiff has suffered damages in an amount which shall be proven at trial. In addition, plaintiff should be awarded penalties and attorney fees pursuant to the provisions of the FLSA.

20. Plaintiff's consent to be a party plaintiff to this action is included herewith as Exhibit "A".

WHEREFORE, plaintiff prays as follows:

(a) that plaintiff receive judgment against defendants;

(b) that plaintiff receive full and just compensation for all overtime hours worked;

(c) that plaintiff receive compensatory damages;

(d) that plaintiff be awarded attorney fees;

(e) that plaintiff receive a trial by jury; and

    (f)    that plaintiff receive such other and further relief as the Court deems just and proper.

Respectfully submitted, this 9th day of October, 2013.

                COUNSEL FOR PLAINTIFF:
                s/Troy A. Lanier
                State Bar No. 437775
                Troy A. Lanier, P.C.
                Post Office Box 2426
                Augusta, GA  30903
                706/722-0771
                tlanier@tuckerlong.com

## CONSENT

I hereby consent to be a party plaintiff in the foregoing action pursuant to 29 U.S.C. § 201, *et seq.*

_____
WILLIAM DAVIS